IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROYAL DOUGLAS ROBINSON,  )<br>ID # 02066342,                          )<br>      Petitioner,               )<br>                                            )<br>vs.                                      )<br>                                            )<br>JIMMY S. SMITH, Senior Warden, )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondents.           ) | No. 3:19-CV-2593-C-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion Requesting Stay of Proceeding*, received on June 1, 2022 (doc. 63), should be **DENIED**.

### I.    BACKGROUND

On November 1, 2019, Royal Douglas Robinson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 conviction and sentence of life without parole. (*See* doc. 3.)

He seeks a stay of this § 2254 action until the state appellate court resolves his pending appeal of his post-judgment motion in the trial court for DNA testing of a pair of latex gloves collected as evidence in his criminal case. (*See* doc. 63.) He claims that the "latex gloves relates [sic] to the ground 3 claim of the present writ proceeding in this court." (*Id.*) In the third ground of his § 2254 petition, Petitioner contends that evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He claims that the DNA analyst failed to test the latext gloves, and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

the state withheld DNA test results of the latex gloves in violation of *Brady* by not testing them. (*See* doc. 10 at 7-8.)

## II.     STAY AND ABEYANCE

The Fifth Circuit has held that, when a federal petition for writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is "good cause for [the] failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'") (quoting *Rhines,* 544 U.S. at 277), abrogated on other grounds by *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

Here, Petitioner has not met the *Rhines* standard. As it relates to the testing of the latex gloves, his third ground for relief has been exhausted and decided by the state habeas court on the merits, and he does not otherwise allege or identify any potentially meritorious § 2254 claim for relief that has not been exhausted at the state level. Because Petitioner has not shown that he is entitled to a stay and abeyance under the standard set forth in *Rhines*, his request should be denied.

## III.    RECOMMENDATION

The *Motion Requesting Stay of Proceeding*, received on June 1, 2022 (doc. 63), should be **DENIED**.

**SIGNED this 29th day of November, 2022.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE